Filed 12/18/2014 10:36:26 AM
Laura M. Miller
District Clerk
San Patricio County, Texas

S-14-6312CV-A

CAUSE NO:_____

| | § | |
|---|---|---|
| **GARY KEIFER** | § | IN THE DISTRICT COURT |
| Plaintiff | § | San Patricio County - 36th District Court |
| | § | |
| vs. | § | _____ JUDICIAL DISTRICT |
| | § | |
| **PASCHALL TRUCK LINES INC., and** | § | |
| **DARRIUS BARLOW** | § | |
| Defendants | § | SAN PATRICIO COUNTY, TEXAS |

## PLAINTIFF'S ORIGINAL PETITION AND REQUEST FOR RULE 194 DISCLOSURES

**TO THE HONORABLE JUDGE OF SAID COURT:**

NOW COMES GARY KEIFER, hereinafter referred to by name or as Plaintiff, and complain(s) of **PASCHALL TRUCK LINES INC., and DARRIUS BARLOW**, hereinafter referred to by name or as Defendants and for cause of action would respectfully show unto the Court as follows:

### I.
### PARTIES

1. Plaintiff **GARY KEIFER** is an individual residing in San Patricio County, Texas.

2. Defendant **PASCHALL TRUCK LINES INC.**, is a Corporation and may be served through its registered agent Hammer & Gainer located at 6850 Austin Center Blvd #180 Austin, Texas 78731.

3. Defendant **DARRIUS BARLOW** resides at 6902 Jenkins Road Palmetto, Georgia 30268.

### II.
### DISCOVERY CONTROL PLAN

4. Plaintiffs intends for discovery to be conducted under Level 3 of Rule 190 of the TEXAS RULES OF CIVIL PROCEDURE.

Processed On: 12/18/2014 11:02:12 AM
By:Melinda Barrientes, Deputy Clerk



## III.
## JURISDICTION AND VENUE

5. The subject matter in controversy is within the jurisdictional limits of this court. This court has jurisdiction over the parties because Defendants are either a Texas resident/entity, domiciled in the State of Texas, have a principal place of business in the State of Texas and/or does business in the State of Texas.

6. Venue is proper in Patricio County, pursuant to Section 15.002(a)(4) of the TEXAS CIVIL PRACTICE AND REMEDIES CODE because at the time of the accident, Plaintiff resided in San Patricio County.

## IV.
## FACTS

7. On April 18, 2014, Plaintiff **GARY KEIFER** stopped to rest at a Flying J Truck Stop. Defendant **DARRIUS BARLOW** was attempting to park alongside Plaintiff's vehicle when he suddenly, violently, and without warning stuck **GARY KEIFER's** eighteen wheeler causing severe injury.

## V.
## PROXIMATE CAUSE

8. Each and every, all and singular of the foregoing acts and omissions, on the part of the Defendants, taken separately and/or collectively, constitutes a direct and proximate cause of the injuries and damages set forth below.

9. Each of said acts and omissions, singularly and/or in any combination with others, constitutes negligence which proximately caused the **dangerous** condition and caused Plaintiff's

injuries and other losses as specifically set forth herein, all of which Plaintiffs suffered and which he will continue to suffer in the future and for the remainder of his natural life.

## VI.
## CAUSE OF ACTION

### A. NEGLIGENCE

10. The occurrence made the basis of this suit, reflected in the above paragraph and the resulting injuries and damages were proximately caused by the negligent conduct of the Defendant. Defendant **DARRIUS BARLOW** operated the vehicle he was driving in a negligent manner because he violated the duty which he owed the Plaintiffs to exercise ordinary care in the operation of the motor vehicle in one or more of the following respects:

> a. in failing to keep a proper lookout or such lookout, which a person of ordinary prudence would have maintained under same or similar circumstances;
>
> b. in failing to turn the vehicle in an effort to avoid the collision in question;

### B. RESPONDEAT SUPERIOR/VICARIOUS LIABILITY

11. Defendant, **PASCHALL TRUCK LINES INC.**, is responsible to Plaintiffs in damages for each and every negligent act and/or omission of Defendant **DARRIUS BARLOW** under the doctrine of respondeat superior, and/or the doctrine of borrowed servant, and/or agency as those terms are understood in law in that Defendant **DARRIUS BARLOW** was operating the vehicle in the course and scope of his employment with **PASCHALL TRUCK LINES INC.**

### C. NEGLIGENT HIRING/RETENTION/TRAINING/ENTRUSTMENT

Defendants were also negligent in one or more of the following respects:

> a. negligent hiring and supervision

   b.  negligent entrustment;

   c.  negligent training and supervision

   d.  negligent retention; and

### D.  GROSS NEGLIGENCE

12. Each of these acts and/or omissions, whether taken singularly or in any combination constitutes negligence and negligence per se and gross negligence which proximately caused the collision and injuries and other losses as specifically set forth herein, all of which Plaintiff suffered and which Plaintiff will continue to suffer in the future, if not for the remainder of his natural life.

## VII.
## DAMAGES

13. As a direct and proximate result of the incident and the negligent conduct of the Defendants, Plaintiff has suffered severe bodily injuries to his neck and back and other parts of his body generally. The injuries are permanent in nature. The injuries have had a serious effect on the Plaintiff's health and well-being. Some of the effects are permanent and will abide with the Plaintiff for a long time into the future, if not for his entire life. These specific injuries and their ill effects have, in turn, caused the Plaintiff physical and mental condition to deteriorate generally and the specific injuries and ill effects alleged have caused and will, in all reasonable probability, cause the Plaintiff to suffer consequences and ill effects of this deterioration throughout his body for a long time in the future, if not for the balance of his natural life. As a further result of the nature and consequences of his injuries, Plaintiff suffered great physical and mental pain, suffering and anguish and in all reasonable probability, will continue to suffer in this manner for a long time into the future, if not for the balance of his natural life.

14. As a further result of all of the above, Plaintiff has incurred expenses for medical care and attention. These expenses were incurred for the necessary care and treatment of the injuries resulting from the incident complained of. The charges are reasonable and were the usual and customary charges made for such services in the county where they were incurred.

15. As a further result of the injuries sustained by the Plaintiff, there is a reasonable probability that he will require further medical care and attention and will incur future reasonable and necessary expenses for his medical care and attention.

16. As a consequence of his injuries, Plaintiff has sustained permanent physical impairment and disfigurement. In all reasonable probability, these disabilities will cause him to suffer long into the future, if not for the balance of his natural life, all to the damage in an amount that is within the jurisdictional limits of this Court for which he now sues.

17. Plaintiffs further requests both pre judgment and post judgment interest on all their damages as allowed by law.

18. Pursuant to Rule 47 of the TEXAS RULES OF CIVIL PROCEDURE, Plaintiff seeks monetary relief over $1,000,000 and a demand for judgment for all other relief to which Plaintiff may justly be entitled.

## VIII.
## REQUEST FOR DISCLOSURE

19. Pursuant to Rule 194 of the TEXAS RULES OF CIVIL PROCEDURE, you are requested to disclose within fifty (50) days after service of the citation and petition the information or material described in Rule 194.2 (a) through (l).

## IX.
## JURY DEMAND

20. Plaintiff demands a trial by jury. Plaintiff acknowledges payment this date of the required jury fee.

## PRAYER

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff **GARY KEIFER** requests that the Defendants **PASCHALL TRUCK LINES INC., and DARRIUS BARLOW** be cited to

appear and answer, and on final trial hereafter, the Plaintiff has judgment against the Defendants jointly and severally in an amount within the jurisdictional limits of this Court, together with all pre judgment and post judgment interest as allowed by law, costs of Court, and for such other and further relief to which Plaintiff may be justly entitled by law and equity, including, but not limited to:

1. Pain and suffering in the past;
2. Pain and suffering in the future;
3. Mental anguish in the past;
4. Mental anguish in the future;
5. Past medical expenses;
6. Future medical expenses;
7. Physical impairment in the past;
8. Physical impairment in the future;
9. Physical disfigurement in the past;
10. Physical disfigurement in the future;
11. Pre judgment interest;
12. Post judgment interest;
13. Exemplary damages;
14. Loss of past wages;
15. Loss of future wages; and
16. Loss of wage earning capacity.

Respectfully submitted,
LAW OFFICES OF THOMAS J. HENRY

521 Starr Street
Corpus Christi, Texas 78401
Telephone: 361- 985-0600
Facsimile: 361-985-0601

By: /S/*Wade B. Reese*
Thomas J. Henry
State Bar No. 09484210
Wade B. Reese
State Bar No. 16712500
*email:wreese-svc@tjhlaw.com*
**ATTORNEYS FOR PLAINTIFF**
**\*Service by email to this address only**