IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| GARY KIEFER | § |
| | § |
| V. | §   CIVIL ACTION NO. 2:15-CV-00123 |
| | § |
| PASCHALL TRUCK LINES, INC., and | § |
| DARRIUS BARLOW | § |

### DEFENDANTS PASCHALL TRUCK LINES, INC., AND DARRIUS BARLOW'S MOTION TO TRANSFER VENUE TO THE EASTERN DISTRICT OF KENTUCKY

TO THE HONORABLE JUDGE OF THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF TEXAS, CORPUS CHRISTI DIVISION:

NOW COMES, PASCHALL TRUCK LINES, INC., AND DARRIUS BARLOW, and files this, their Motion to Transfer Venue to the United States District Court for the Eastern District of Kentucky, and would respectfully show the Court as follows:

:Facts

1. The claims in this case arise out of an automobile accident that occurred in Shelbyville, Kentucky. Shelbyville is located in Shelby County, Kentucky Police Report, which is within the Eastern District of Kentucky. *See Exhibit 1, copy of Kentucky .* Plaintiff's complaint indicates that he is a resident of San Patricio County, Texas. *See Original Complaint at Paragraph 2.* Plaintiff has alleged absolutely no facts or circumstances relevant to the case which occurred within the Corpus Christi Division of the Southern District of Texas.

2. This motion to transfer is filed contemporaneously with the removal documents and answer, and has therefore been filed with reasonable promptness. *See Peteet v. Dow Chemical Co.*, 868 F.2d 1428, 1436 (5th Cir. 1989).

2. Plaintiff Kiefer is a Texas resident and citizen.

3. Defendant Paschall Truck Lines, Inc. is a Kentucky Corporation with its principal place of business located in Murray, Kentucky. Murray, Kentucky is in Calloway County which is in the Western District of the United States District Court for the District of Kentucky. Defendant Darrius Barlow, the driver, is a resident and citizen of Palmetto, Georgia. Palmetto Georgia is in Coweta County, which is in the Newnan Division of the United States District Court for the Northern District of Georgia.

4. This case involves the alleged personal injury arising out of a tractor trailer collision in which Plaintiff Kiefer claims to have been injured. The accident occurred on April 18, 2014, near Shelbyville, Kentucky. Shelby County, Kentucky is within the United States District Court for the Eastern District of Kentucky. The tractor being driver by Defendant Barlow, struck plaintiff's vehicle when backing into a parking spot at a truck stop. The accident was investigated by the Kentucky State police.

5. Pursuant to the 2011 changes to the venue rules, under 28 U.S.C., §1390(a) venue is now defined to refer to the "geographic specification of the proper court or courts for the litigation of a civil action that is within the subject matter jurisdiction of the district courts...." Under 28 U.S.C. §1391(b), unless some other specific venue provision applies, venue is only proper in a judicial district where: (i) any defendant resides, if all defendants are residents of the state in which the district is located; (ii) a substantial part of the events or omissions giving rise to the claim occurred, or (iii) any defendant is subject to the court's personal jurisdiction with respect to the action if there is no district in which the action could otherwise be brought under §1391(b). *See* 28 U.S.C. §1391(b)(1)-(3). Venue is determined when the suit is filed,

not when the cause of action arose. *See Tenefrancia v. Rovinson Exp. & Imp. Corp.*, 921 F.2d 556, 558 n.2 (4th Cir. 1990).

6. Under 28 U.S.C. §1391, venue in this case at the time the matter was filed was proper in: (a) the United States District Court for the Western District of Kentucky (Defendant Paschall's corporate principal place of business) (b) the United States District Court for the Northern District of Georgia, Newnan Division (Defendant Barlow's residence); or (c) the United States District Court for the Eastern District of Kentucky (where the accident occurred).

7. Therefore, this matter should be transferred to the Eastern District of Kentucky, as a venue which would have been proper at the time the matter was filed.

### Motion to Transfer under 28 U.S.C. §1404

8. Defendant would urge that a transfer of venue to the United States District Court for the Eastern District of Kentucky is appropriate under 28 U.S.C. §1404 as the Eastern District of Kentucky is a more convenient forum.

9. Section 1404(a) provides: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). A district court has broad discretion in deciding whether to transfer venue pursuant to this statute. *In re Volkswagen of Am., Inc.*, 545 F.3d 304, 311 (5th Cir.2008) (en banc). The defendant has the burden to show "good cause" that transfer is appropriate. *Id.* at 315 ("[I]n order to support its claim for a transfer, [defendant] must satisfy the statutory requirements and clearly demonstrate that a transfer is for the convenience of the parties and witnesses, in the interest of justice.").

10. Under §1404 and *In re Volkswagen*, the first issue the court must consider is whether the proposed transferee venue is a court in which the action might have been brought. *Id.* at 312. If it is, then the court must consider and balance the convenience of the parties in both venues. *Id.* at 314–15.

11. Here, the proposed transferee court (Eastern District of Kentucky) is a venue in which the case might have been brought under 28 U.S.C. §1391(b) as a place where a "substantial part of the events or omissions giving rise to the claim occurred." Therefore, the Court should evaluate the motion to transfer by considering the private and public interest factors.

12. The court has two sets of factors to consider when deciding a motion to transfer: (1) the convenience of the parties and witnesses; and (2) the interests of justice. The interests of justice factors are public-interest factors related to the efficient administration of justice. *See Coffey v. Van Dorn Iron Works*, 796 F.2d 217, 220-21 (7th Cir. 1986). None of the factors are to be given dispositive weight, and the Court is not actually limited to the specified factors as it basically must engage in a case-by-case balancing of convenience and fairness. *See Stewart Org. v. Ricoh Corp.*, 487 U.S. 22, 29, 108 S.Ct. 2239, 2243-44 (1988); *In re Volkswagen AG*, 371 F.3d 201, 203 (5th Cir. 2004). Likewise, in a §1404(a) analysis the plaintiff's choice of venue is not a separate factor to consider. *See In re Volkswagen* at 315. Defendant agrees that the ultimate decision is left to this Court's discretion, but would urge that *none* of the critical factors actually support the plaintiff's initial choice of venue in this case.

## A.   Private Interest Factors

13.   The private interest factors to be weighed by the court include (1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious, and inexpensive. *In re TS Tech USA Corp.,* 551 F.3d 1315, 1319 (Fed.Cir.2008); *In re Volkswagen AG,* 371 F.3d 201, 203 (5th Cir.2004) ( *"Volkswagen I"* ) (citing *Piper Aircraft Co. v. Reyno,* 454 U.S. 235, 241 n. 6 (1981)).

### i. *Relative Ease of Access to Sources of Proof*

14.   The first factor focuses on the locations of sources of proof. "That access to some sources of proof presents a lesser inconvenience now than it might have absent recent developments does not render this factor superfluous." *In re Volkswagen,* 545 F.3d at 316. All scene investigation materials, first responder materials, emergency care records and all other documents related to the accident are in the proposed transfer venue. No key documents relative to the incident appear to be in the Corpus Christi Division. Therefore, this factor favors transfer.

### ii. *Compulsory Process of Witnesses*

15.   This factor is concerned with the court's ability to compel non-party witnesses to attend trial. It will generally tip in favor of a transfer when more non-party witnesses reside within the proposed venue than in the plaintiff's chosen venue. *See In re Volkswagen of Am.,* 545 F.3d at 316. This factor weighs most strongly in favor of a transfer of venue when the proposed transferee forum has absolute subpoena power over all of the third-party witnesses. *See id.* at 316–17.

16. Here, all scene investigation witnesses, first responder witnesses, emergency care witnesses, and any and all witnesses to the accidents other than the actual parties reside in Kentucky. This court has no subpoena power over any of them. The Kentucky court, on the other hand has absolute subpoena power over *all* of them. Thus, this factor clearly favors transfer.

### iii. *The Cost of Attendance for Willing Witnesses*

17. The Eastern District of Kentucky is headquartered in Lexington, which is approximately 270 miles from the corporate headquarters of Defendant Paschall Trucking, and where all of its corporate witnesses reside. The Corpus Christi Division is approximately 950 miles from Defendant Paschall's headquarters, and almost 1,000 miles from Defendant Barlow's residence in Georgia. It is also more than 1,200 miles from the scene of the accident. As Plaintiff is a long-haul truck driver, who was allegedly injured while in Kentucky, it is simply not a hardship for him to appear there to prosecute his case, anymore than it is for Defendant Barlow (also a long haul trucker) to defend there. There is an international airport in Lexington, Kentucky which is easily accessible by all parties, and would equalize the expense of willing parties to travel to the venue of suit. Therefore, this factor appears to favor transfer.

### iv. *Other Practical Problems*

18. No other practical problems appear to be present at this point, therefore this factor is neutral.

### B. Public Interest Factors

19. The public interest factors include (1) the administrative difficulties flowing from court congestion, (2) the local interest in having localized controversies decided at home, (3) the familiarity of the forum with the law that will govern the case, and (4) the

avoidance of unnecessary problems of conflict of laws or in the application of foreign law. *In re Volkswagen,* 545 F.3 d at 315.

### i. *Administrative Difficulties Flowing From Court Congestion*

20. A review of the statistics provided by the Office of United States Courts indicates that the Southern District of Texas as a whole had a total of 10,1114 pending criminal and civil cases at the end of March 2014.[1] The Eastern District of Kentucky, on the other hand, had a total of 1854.[2] This factor bears in favor of transfer.

### ii *The Local Interest in Having Localized Controversies Decided at Home by local juries*

21. As noted in *Purdy v. Munden*, 356 F. Supp. 658, 660 (E.D. Tex. 2005):

> [i]n negligence cases, the investigators and accident-scene witnesses likely to be called to testify at trial generally reside close to the scene of the accident. The evidence critical to establishing, and defending, negligence claims is generally found at or near the scene of the accident....In a negligence case, as opposed to a products liability case, the importance of trying the case in the district where the accident occurred generally outweighs deference to the Plaintiff's choice of forum.

*Id.* at 660. Here, as was the case in *Purdy*, the scene of the accident will necessarily become a primary focus of the investigation, and such is located within the Eastern District of Kentucky. Here (1) the accident occurred in Kentucky; (2) although discovery is just beginning, Kentucky residents presumably witnessed the accident; (3) Kentucky police and paramedics were involved in the investigation and any treatment of

---

[1] According to the 2014 statistics, there were 4752 pending civil matters and 5362 pending criminal matters in the Southern District of Texas. *See Table C and Table D,* http://www.uscourts.gov/Statistics/FederalJudicialCaseloadStatistics/caseload-statistics-2014.aspx.

[2] According to the 2014 statistics, there were 1420 pending civil matters and 434 pending criminal matters in the Eastern District of Kentucky. *See Table C and Table D,* http://www.uscourts.gov/Statistics/FederalJudicialCaseloadStatistics/caseload-statistics-2014.aspx

{03242577.DOC / }

the parties at the scene; (4) none of the events upon which the suit is based occurred in the Corpus Christi Division. The case involves a Kentucky company with a Georgia driver hitting a Texas driver in Kentucky. Kentucky clearly has a bigger interest in the purported negligence of drivers on its highways than does Texas. While no discovery has yet been completed such that Defendant can determine their exact residence, there is every likelihood that the only contact with Texas is plaintiff himself.

22. It is important to remember that the "local interest in having localized interests decided at home" weighs "heavily" in favor of transfer. See *In re Volkswagen*, at 206. Likewise, "as the Supreme Court has noted, 'jury duty is a burden that ought not to be imposed upon the people of a community which has no relation to the litigation.'" See *Reyes de Perez v. Contract Freighters, Inc.*, 2006 WL 3053400, *at 6 (S.D. Tex. 2006)(citing *Gulf Oil v. Gilbert*, 330 U.S. 501, 508-09 (1947). As in *Purdy* and other decisions, the court in *Reyes* found that because the accident giving rise to the suit occurred in the district where transfer was sought, such a factor weighed "quite heavily" in the decision to order the transfer. Put simply, jurors drawn from the Eastern Kentucky would have a much "strong[er] interest in correcting an alleged wrong in their community," particularly when no similar interest whatsoever exists in the Corpus Christi Division. See *Lindoff v. Schenectady Intern.*, 950 F.Supp. 183, 186 (E.D. Tex. 1996). Therefore, this factor weighs in favor of a transfer.

       iii. *The Court's Familiarity with the Governing Law*

23. As a case based solely on tort and diversity jurisdiction, the law of whatever forum ends up with the case will apply, and that court will be familiar with it. This factor is therefore neutral.

iv. *The Avoidance of Unnecessary Problems of Conflict of Laws*

24. This factor also appears neutral, as no problems involving conflict of laws appears to exist.

25. Defendant believes that the local interest would be served by not burdening citizens in an unrelated forum like the Corpus Christi Division with jury duty relating to a controversy occurring in the Eastern District of Kentucky. *See Robertson v. Kiamichi R.R.,* 42 F. Supp. 651, 655 (E.D. Tex. 1999)(noting that the forum was not "the place of the wrong.").

*Conclusion*

26. This is not a situation where convenience is shifted from one party to another. At best, some of the factors are neutral, but most support a conclusion that the case should be transferred. Defendant has met its burden of proving that a transfer is warranted. *See Reyes at 5.* Therefore, Defendant respectfully requests that this matter be transferred to the Eastern District of Kentucky.

**WHEREFORE, PREMISES CONSIDERED, PASCHALL TRUCK LINES, INC., AND DARRIUS BARLOW** request that the Court transfer the venue of this matter to the United States District Court for the Eastern District of Kentucky, which is the proper venue for the litigation of the case, and that they be granted such other and further relief, at law or in equity, to which they are justly entitled.

Respectfully submitted,

_____
LARRY D. WARREN
State Bar No. 20888450
**ATTORNEYS FOR DEFENDANTS**

OF COUNSEL:

NAMAN HOWELL SMITH & LEE, PLLC
10001 Reunion Place, Suite 600
San Antonio, Texas 78216
Telephone: (210) 731-6350
Facsimile: (210) 785-2950
lwarren@namanhowell.com

## CERTIFICATE OF SERVICE

I hereby certify that on the ___12___ day of March 2015, the foregoing was filed with the Clerk of Court using the CM/ECF system, and was served on counsel:

**E-Filing Notification System and/or Facsimile**
Thomas J. Henry
SBN: 09484210
LAW OFFICES OF THOMAS J. HENRY
521 Starr Street
Corpus Christi, Texas 78401
Telephone: (361) 985-0600
Facsimile: (361) 985-0601
mwilson-svc@tjhlaw.com

**ATTORNEY FOR PLAINTIFF**

_____
LARRY D. WARREN