UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| GARY KEIFER, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 2:15-CV-123 |
| | § | |
| PASCHALL TRUCK LINES, INC., *et al*, | § | |
| | § | |
| Defendants. | § | |

## ORDER TRANSFERRING VENUE

Plaintiff Gary Kiefer (Kiefer), a long-haul truck driver, sued Darrius Barlow (Barlow), also a truck driver, and Barlow's employer, Paschall Truck Lines, Inc. (Paschall), for injuries sustained in an automotive collision in a Flying J parking lot. Kiefer filed the suit in the 36th Judicial District Court of San Patricio County, Texas. Defendants removed the case to this Court on March 13, 2015, on the basis of diversity jurisdiction. On the same day, Defendants filed their "Motion to Transfer Venue to the Eastern District of Kentucky" (D.E. 8). Defendants seek the transfer of this case to the court that has geographic jurisdiction that includes the site where the collision occurred. For the reasons set out below, the Court GRANTS the motion.

## STANDARD OF REVIEW

A district court may transfer any civil action for the convenience of parties and witnesses, in the interest of justice, to any other district or division where it might have been brought. 28 U.S.C. § 1404(a). The goal of this provision is to "prevent the waste of time, energy[,] and money and to protect litigants and witnesses, and the public against

unnecessary inconvenience and expense." *Shoemaker v. Union Pacific R.R. Co.*, 233 F. Supp. 2d 828, 829 (E.D. Tex. 2002) (citing *Van Dusen v. Barrack*, 376 U.S. 612, 616 (1964)). "Thus, while a plaintiff has the privilege of filing his claims in any judicial division appropriate under the general venue statute, § 1404(a) tempers the effects of the exercise of this privilege." *In re Volkswagon of America, Inc.*, 545 F.3d 304, 313 (5th Cir. 2008).

The threshold determination under § 1404(a) is whether the action originally might have been brought in the proposed destination venue. *In re Volkswagon AG*, 371 F.3d 201, 203 (5th Cir. 2004). If the Court determines that the action could have originally been brought in the proposed destination venue, then it must consider certain private and public interest factors to determine whether a motion to transfer venue should be granted. *Id.* The private interest factors are: (1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious, and inexpensive. *Id*. The public interest factors are: (1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws or in the application of foreign law. *Id*.

As a preliminary matter, the Court notes that Plaintiff has not filed a response to the motion.  Pursuant to Local Rule 7.3, opposed motions will be submitted to the Judge 21 days from filing.  The motion was filed on March 13, 2015, and its submission date

was April 3, 2015. Despite actual knowledge of the deadline and representations of an intention to file a response to the motion, Plaintiff has not done so. Pursuant to Local Rule 7.4, failure to respond is taken as a representation of no opposition to the relief sought. While not taken as dispositive, the Court includes the failure to respond as a factor in its analysis.

## DISCUSSION

**A. Venue is proper in the Eastern District of Kentucky.**

The collision occurred in Shelby County, Kentucky. D.E. 8-1. Shelby County is within the Eastern District of Kentucky. 28 U.S.C. § 97. Therefore, Plaintiff's claims could have originally been filed in the Eastern District of Kentucky. 28 U.S.C. § 1391. That is the "judicial district in which a substantial part of the events or omissions giving rise to the claim occurred . . . ." § 1391(b)(2). Because the venue to which Defendants seek transfer is a proper venue, the Court now weighs the private and public interest factors.

**B. Private Interest Factors**

**1. Relative ease of access to sources of proof**

Because the incident took place in Shelby County and was investigated by the Shelby County Sheriff Department and there is no evidence of any events, records, or witnesses located in the Southern District of Texas, the Court finds that the relevant sources of proof are in the Eastern District of Kentucky. It can be argued that "unless the documents are so voluminous that their transport is a major undertaking, the locations of books and records is given little weight." *Sarmiento v. Producer's Gin of Waterproof,*

*Inc.*, 439 F. Supp. 2d 725, 732 (S.D. Tex. 2006).  Assuming without deciding that the location of records in Kentucky should be given little weight because they are not voluminous, Plaintiff by his default has failed to identify any documents available in the Corpus Christi area that would undercut even the little weight in favor of transfer that Defendants would be entitled to on this factor.

### 2. The availability of compulsory process to secure the attendance of witnesses

The Fifth Circuit has adopted a "100 mile" rule, which provides "when the distance between an existing venue for trial of a matter and a proposed venue under § 1404(a) is more than 100 miles, the factor of inconvenience to witnesses increases in direct relationship to the additional distance to be traveled." *In re Volkswagen of America, Inc.,* 545 F.3d at 317 (citing *In re Volkswagen I*, 371 F.3d 201, 204–205 (5th Cir. 2004)).  "Additional distance means additional travel time; additional travel time increases the probability for meal and lodging expenses; and additional travel time with overnight stays increases the time which fact witnesses must be away from their regular employment." *Id*.  The Fifth Circuit also recognizes that witnesses may suffer personal costs associated with being away from family and community. *Id*.

Neither party has identified any specific witnesses that will need to be called.  However, it is clear that the investigative body resides in Kentucky and witnesses of the incident in a Kentucky Flying J parking lot are more likely to reside in Kentucky than in Texas.  Defendants state that Kentucky paramedics were involved in the treatment of the parties at the scene.  Defendants further intimate that its corporate witnesses, likely to be

called, are located in Kentucky where its corporate office is located. Thus the Kentucky court would more likely have subpoena power to compel attendance of such witnesses. The Court treats this factor as weighing in favor of transfer.

### 3. The cost of attendance for willing witnesses

As noted above, the likely investigative and corporate witnesses are located in Kentucky. Thus this factor weighs in favor of transfer.

### 4. All other practical problems that make trial of a case easy, expeditious, and inexpensive

This case is still in the earliest stages and transfer at this time does not present a significant loss of effort litigating here. Further, as currently postured, Corpus Christi lacks any significant connection to the underlying dispute. However, a case should not be transferred simply to shift the burden of inconvenience from a defendant to a plaintiff. *Salinas v. O'Reilly Automotive*, 358 F.Supp.2d 569, 571–72 (N.D. Tex. 2005). Plaintiff here, by his default, has not offered evidence of any particular burden he would suffer. Accordingly, this factor is neutral.

## C. Public Interest Factors

### 1. The administrative difficulties flowing from court congestion

This Court is responsible for almost all of the civil cases filed in the Corpus Christi Division due to a judicial vacancy which has remained open since 2011. The Southern District of Texas has three vacancies and two that are considered judicial emergencies. In contrast, the Eastern District of Kentucky has only one vacancy, the

vacancy has existed only since 2013, and it has no judicial emergencies. http://judicialnominations.org/judicial-vacancies. This factor weighs in favor of transfer.

### 2. The local interest in having localized interests decided at home

The Southern District of Texas has no meaningful relationship to this case other than the Plaintiff residing within its geographic boundaries. In contrast, Kentucky has an interest in conduct on its roadways and the use of its resources to investigate such incidences. Jury duty is burdensome and should not be imposed on those in a community without a connection to the litigation. *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508-09 (1947). Accordingly, this factor weighs heavily in favor of transfer. *In re Volkswagen AG*, 371 F.3d 201, 206 (5th Cir. 2004).

### 3. The familiarity of the forum with the law that will govern the case

A court in the Eastern District of Kentucky would be just as competent to hear this type of personal injury claim as a court in the Southern District of Texas. This factor is neutral.

### 4. The avoidance of unnecessary problems of conflict of laws or in the application of foreign law

There is no evidence that this case presents any conflicts of laws or foreign law issues. Thus this factor is neutral.

### CONCLUSION

As a whole, the factors to be considered in determining whether a transfer of venue is proper weigh in favor of transfer. For the reasons set out above, Defendants'

Motion to Transfer Venue is GRANTED.  The Court ORDERS this case transferred to the Eastern District of Kentucky.

ORDERED this 24th day of April, 2015.

_____
NELVA GONZALES RAMOS
UNITED STATES DISTRICT JUDGE